# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:23-CR-127-ADA |
| | § | |
| **DANNELL L. SAMPSON** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   BACKGROUND

The defendant was found guilty of Count 1: Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951 and 2; and Count 2: Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c) and 2. The Court sentenced the defendant to Count 1: three (3) months incarceration and Count 2: sixty (60) months incarceration to run consecutively; followed by a three (3) year term of supervised release, per count, to run concurrently; a $100.00 special assessment for each count and restitution in the amount of $36,137.00. The defendant began his supervision on September 7, 2020. On January

23, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his release and seeking a show-cause hearing as to why the defendant's supervised release should not be revoked. The petition alleges the defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant violated Statutory Mandatory Condition: Defendant shall not commit another federal, state, or local crime, in that on or about January 14, 2025, a warrant was issued for the defendant for Discharge Firearm in Certain Municipalities, a Class A misdemeanor, in violation of T.P.C. § 42.12.
>
> **Factual Basis:** According to the offense report received from Killeen Police Department, on November 29, 2024, officers were dispatched to a traffic accident call where no subject was found on scene. After a check of the license plate, it was discovered that the vehicle belonged to the defendant. Officers responded to a second accident call in which the individual on scene advised police that he and another individual had an altercation at a sports bar and grill, and he was being chased by this individual. Officers at that time discovered the two accidents were related. The victim identified the defendant as the person who was chasing him. Staff at the bar and grill made the defendant and the victim leave due to the altercation, at which point they agreed to go somewhere and fight. Upon leaving the venue, while chasing the victim, the defendant began shooting at him. Officers observed several bullet holes in the driver's back side of the victim's vehicle. Officers also found spent bullet casings in the defendant's vehicle. Officers received a call later that the defendant was at Advent Health. Officers made contact with the defendant at Advent Health, and he admitted to them he was involved in an argument with someone at a bar and grill and he had chased that individual. During this chase, the defendant wrecked his vehicle and then left the scene to go home. The defendant's fiancé transported the defendant to Advent Health from his residence due to his injuries.

## II.    FINDINGS OF THE COURT

At the hearing, the defendant pleaded not true to the violations. The government called Travis Baker of the City of Killeen, Texas Police Department. He reiterated the details included in the factual basis of the violation, as quoted above. He also testified that the City of Killeen is in excess of 100,000 people and meets the statutory requirements to be protected by Texas Penal

Code § 42.12. Baker also described the condition of the defendant's crashed vehicle, and that police discovered spent shell casings underneath the defendant's car.

The defendant called U.S. Army Specialist Davon Bolton to testify. He was at the bar on November 29, 2024, and testified that the victim was belligerent and instigated a fight with the defendant. Bolton also testified that in the parking lot, the victim behaved in a provocative manner that indicated that he was armed. He testified that he did not witness any events after the defendant and the victim departed the parking lot.

After careful consideration of the testimony, including the presence of spent shell casings under the defendant's car and bullet holes in the victim's vehicle, the Court finds that the government presented evidence that supports a finding of true, by a preponderance of the evidence, as to the violation.

1) The defendant violated the conditions of his supervision as alleged in the petition.
2) The defendant was competent to make the decision to enter a plea to the allegations.
3) The defendant had both a factual and rational understanding of the proceedings against him.
4) The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
5) The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.
6) The defendant was sane and mentally competent to stand trial for these proceedings.
7) The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8)   The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9)   The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10)  The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11)  The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12)  The defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the testimony, arguments, and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be **CONTINUED** with the additional conditions that he abstain from alcohol and from patronizing businesses that serve alcohol and that the Court should impose the following search condition: that the defendant submit his person, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or date storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation or release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

### III.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of April 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE